[Civ. No. 535.   First Appellate District.—April 23, 1909.]

## HOUGHTON COMPANY, a Corporation, Appellant, v. J. W. KENNEDY, Respondent.

RIGHT TO REMOVAL OF BARN AGAINST PLAINTIFF'S ASSIGNOR—ASSIGNMENT OF BARN TO PLAINTIFF—INJUNCTION.—When a barn was situated upon land belonging to plaintiff's grantor, which the defendant was entitled to remove, as against such grantor, but not as against the plaintiff, if such barn was included in an assignment by defendant and his wife to plaintiff, *held*, that though such barn was not included in the assignment of all fences, buildings and personal property situated upon a lease and deed of trust of property including only a certain townsite, yet where it expressly includes all such property "in the vicinity thereof," the assignment covered the barn by such description, and the plaintiff was entitled to enjoin the removal thereof.

ID.—ERRONEOUS JUDGMENT UPON CROSS-COMPLAINT—VERDICT AGAINST EVIDENCE—ABSENCE OF CONFLICT—INTERPRETATION OF WRITTEN CONTRACT.—When there is no conflict as to the words of the assignment, nor as to the location of the barn, the rule that a verdict will not be disturbed where there is a conflict of evidence does not apply; and an erroneous judgment upon a cross-complaint for the value of the barn, based upon a verdict contrary to the legal effect of the assignment of the barn to the plaintiff, must be reversed. The record presents no conflict of evidence, but simply a case for the interpretation of a written contract.

ID.—NEGOTIATIONS BY DEFENDANT WITH PLAINTIFF'S ASSIGNOR SUPERSEDED BY ASSIGNMENT.—Where negotiations attempted by defendant with plaintiff's assignor were not concluded, they were superseded by the assignment of the barn by defendant to the plaintiff.

APPEAL from a judgment of the Superior Court of Fresno County, and from an order denying a new trial. Geo. E. Church, Judge.

The facts are stated in the opinion of the court.

Frank H. Short, and F. E. Cook, for Appellant.

J. P. Bernhard, and F. C. Huebner, for Respondent.

HALL, J.—Plaintiff brought this action to restrain defendant from removing a barn from the land of plaintiff. De-

fendant, besides answering, filed a cross-complaint in claim and delivery for the said barn, and obtained judgment for the possession thereof, or the value thereof, in the sum of $1,000. Upon the hearing of plaintiff's motion for a new trial the court ordered that, unless defendant should consent to a reduction in the amount of the judgment for the value of the barn to the sum of $750, a new trial should be granted. Defendant so consented, and the motion was thereupon denied.

Plaintiff in due time appealed from this order as well as from the judgment.

The barn in question was originally built by defendant upon land belonging to one J. F. Houghton, the grantor of plaintiff; but though built upon the land of Houghton, it is conceded by appellant, as we understand him, that it belonged to defendant and might be by him removed, unless defendant, by a certain written instrument executed by himself and wife on or about the nineteenth day of April, 1905, assigned and transferred said barn to plaintiff. In a special verdict the jury found in effect that defendant had not assigned or transferred said barn to plaintiff, and the court adopted said verdict as a part of its findings. Defendant was a tenant of plaintiff, and had become much indebted to it. On the nineteenth day of April, 1905, plaintiff and defendant effected a settlement of their respective claims, evidenced by four writings, three of which bear date April 18, 1905, but all were delivered on April 19, 1905. One of these writings was executed by defendant and his wife, two by plaintiff, and the third by defendant. By the first of these writings defendant and his wife "assigned and transferred and delivered unto the Houghton Company, a corporation, all of their right, title, estate, claim or interest in or to all of the following described personal property and appurtenances to real estate, to wit: all of the fences and buildings of every description, and all engines, pumps, appurtenances and pipelines, scales, watering troughs and other property and appurtenances of like character and description, all situated upon or connected with the lands and property described in a certain lease between J. F. Houghton and J. W. Kennedy, dated October 1st, 1901, and the lands and property described in a certain trust deed from said J. W. Kennedy and wife to H. B. Houghton and H. F. Gordon, trustees for J. F.

Houghton, dated the 15th day of December, 1898, and recorded in volume 220 of Deeds, page 430 et seq., Fresno County Records; together with and including all of the connections and appurtenances used in connection with said property situated upon said lands, or in the vicinity thereof, including any such property situated upon or extending through or under the townsite of Rolinda, or through or under the streets, roads or highways thereon, or in the vicinity thereof.''

It is upon this writing that plaintiff depends, as showing a transfer of the barn in question from defendant to plaintiff. The barn is not situated upon the lands described in the lease or deed of trust referred to in the assignment. Neither is it situated upon the townsite of Rolinda, but it is situated in the vicinity of such townsite upon land that Kennedy had been permitted to use by Houghton, the undisputed evidence being that the barn is situated about three hundred feet from block 8 of said townsite. It is this undisputed fact that is relied on as bringing the barn within the terms of the assignment, appellant's interpretation of the words of the assignment being that it is a direct conveyance of all buildings situated upon certain described property, or situate upon the townsite of Rolinda, *or in the vicinity thereof.* A careful examination of the instrument has convinced us that this interpretation is correct.

In the first part of the assignment is an enumeration of certain kinds of property assigned, described as situated upon or connected with certain described lands. Next follows language intended to carry the connections and appurtenances of said enumerated property, whether such connections be upon said lands or in the vicinity thereof. The barn does not come within any of this language, however, for the evidence is that it was neither upon the lands described, nor physically connected with it, or used in connection with any improvements thereon. It is the concluding language of the assignment that covers the barn, to wit: *"including any such property situated upon* or extending through or under the townsite of Rolinda, or through or under the streets, roads or highways thereon, or in the vicinity thereof.'' The words ''any such property'' refer to such property as had before been enumerated, which includes ''buildings of every description,'' and the entire clause brings within the operating

words of the assignment buildings of every description situated upon the townsite of Rolinda *or in the vicinity thereof.* We are unable to fairly read the words of the assignment in any other sense.

Respondent invokes the rule that where there is a conflict of evidence this court will not interfere with the verdict of the jury or the findings of the court. But there is no conflict as to the words of the assignment, nor as to the location of the barn. Kennedy did testify that at some time prior to the settlement between him and plaintiff he had asked Houghton to take the barn, and allow the value thereof to Kennedy on a settlement, and that Houghton refused, but no settlement was agreed upon at this time; and when the settlement was finally effected the contract was reduced to writing, by the terms of which the barn was assigned by defendant to plaintiff. The preceding negotiations testified to by Kennedy were clearly superseded by the written contract. (Civ. Code, sec. 1625.)

The record does not present a case of a conflict of evidence, but simply a case for the interpretation of a written contract.

The judgment and order should be reversed, and it is so ordered.

Cooper, P. J., and Kerrigan, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on June 23, 1909.